IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Von Long, | ) | Case No. 4:20-cv-03124-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden T. Wallace, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 5, 2020, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends summary dismissal of the instant Petition because it is a second and successive § 2254 action. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without recitation.

In his objections, Petitioner states as follows,

> I object to the Report and Recommendation filed by Magistrate Judge Thomas E. Rogers, III on 10/5/20.
> My records doesn't reflect a successive federal habeas petition. What is the date that it was filed, the case name and document number?

ECF No. 14. Petitioner's prior § 2254 petition was filed on August 13, 2018, and was denied as untimely on November 6, 2018. *Von Long v. Warden, Broad River Correctional Institution*, C/A No. 4:18-cv-02223, 2018 WL 5800848.

To be considered successive, the second habeas petition must be the second attack of the same conviction and the first habeas petition must have been finally

adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006). "[A] dismissal of a [§ 2254] petition as untimely renders a subsequent petition successive." *Henderson v. Bazzle*, No. 9:08-cv-0978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008). Under the Anti-Terrorism and Effective Death Penalty Act of 1996, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing 28 U.S.C. § 2244(b)(3)(A)). "A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)." *Id*. (quoting § 2244(b)(3)(c)).

Petitioner's instant Petition is uncontrovertibly second or successive under § 2244(b), given the fact it was filed after the Court ruled on his first § 2254 action. Therefore, Petitioner was required to obtain leave from the United States Court of Appeals for the Fourth Circuit prior to filing this action. § 2244(b)(3)(A). Because Petitioner failed to obtain authorization from the Fourth Circuit before filing this action, this Court lacks jurisdiction to consider his Petition. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003). Consequently, the Court overrules Petitioner's objections.

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation. The Petition is **DISMISSED** without prejudice to Petitioner's right to seek authorization from

the Fourth Circuit Court of Appeals to file a successive petition, and without requiring Respondent to file an answer or return.[1]

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

IT IS SO ORDERED.

| | |
|---|---|
| January 27, 2021 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

---

[1] Since filing his objections, Petitioner has also filed a motion for leave to file a federal habeas petition, a letter, and a change of address. ECF Nos. 16, 18, 19. The Court has reviewed all of Petitioner's filings and finds they do not substantively add to his objections. With respect to the motion for leave to file a federal habeas petition, it appears Petitioner is requesting authorization to file a successive § 2254 petition. Because it is within the Fourth Circuit Court of Appeals' authority to grant such a request, Petitioner's motion is **DENIED** as improperly filed in this Court.